<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

Edward Holland:

|                       |   |                              |
|-----------------------|---|------------------------------|
|                       | : | CIV. ACTION NO. 15-7289(RMB) |
| Plaintiff,            | : |                              |
|                       | : |                              |
| v.                    | : | MEMORANDUM AND ORDER         |
|                       | : |                              |
| State of New Jersey et al., | : |                        |
|                       | : |                              |
| Defendants.           | : |                              |

**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

Plaintiff, a prisoner incarcerated in Bridgeton, New Jersey, submitted a civil rights complaint on October 2, 2015. (ECF No. 1.) Plaintiff's complaint was unaccompanied by either the $400.00 filing fee[1] for a civil action or a properly executed application to proceed without prepaying the filing fee (<u>in forma pauperis</u> "IFP" application).

The Clerk of Court will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted <u>in forma pauperis</u>

---

[1] Pursuant to 28 U.S.C. § 1914(a), there is a $350.00 filing fee for a civil complaint, and there is a $50.00 administrative fee.

1

status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). Prisoners filing civil rights cases without prepayment of the filing fee are required to submit with their IFP application, a certified copy of their prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Plaintiff neither paid the filing fee nor submitted an IFP application.

The Court will administratively terminate this action, but Plaintiff may reopen the matter by paying the filing fee or submitting an IFP application, in conformance with 28 U.S.C. § 1915. Plaintiff, however, should be advised that if IFP status is granted, he will be required to pay the filing fee in monthly installments deducted from his prison trust account, even if the case is dismissed. 28 U.S.C. § 1915(b)(1), (2).

In the event Plaintiff seeks to proceed IFP, 28 U.S.C. § 1915(e)(2)(B) requires the Court to review the complaint and dismiss the case, in whole or in part, if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. The present complaint is deficient in several respects, as described below. If Plaintiff qualifies for IFP

status and chooses to proceed, he may wish to correct deficiencies in the complaint to avoid summary dismissal under § 1915(e)(2)(B).

## II.  DISCUSSION

Plaintiff's complaint is in a letter format, and it is difficult to understand what information is provided as background, and what information is related to the claims Plaintiff is attempting to bring.[2] It appears that Plaintiff wishes to file a civil rights complaint related to his 2007 state court criminal proceedings. (ECF No. 1 at 3-4.) Plaintiff seeks to sue his state court trial judge for failing to recuse himself from Plaintiff's criminal case because, in past proceedings, he had represented Plaintiff as his lawyer. (Id.)

Plaintiff should be aware that judges have absolute immunity from Section 1983 damage claims arising from their judicial acts. Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (citing Mireles v. Waco, 502 U.S. 9, 9 (1991)). Judges have absolute

---

[2] In August 2014, Plaintiff submitted a letter to this Court complaining about events that occurred in the course of his state court criminal proceedings. See Holland v. State of New Jersey, 14cv5202(RMB). The Court construed Plaintiff's letter as seeking federal habeas relief from a state court judgment, and explained that his submission was premature because he had not exhausted his state court remedies. Id. (ECF No. 2.) The Court construes Plaintiff's present letter as a civil rights complaint under 42 U.S.C. § 1983. However, if Plaintiff is now seeking federal habeas review of his state court judgment and conviction, he should file a habeas petition under 28 U.S.C. § 2254.

immunity over decisions to deny motions for recusal, and presiding in matters over which they have jurisdiction. Catanzaro v. Cottone, 228 F. App'x 164, 166-67 (3d Cir. 2007) (per curiam). If Plaintiff is granted IFP status and brings his present claim against the state trial court judge, it is likely to be dismissed under 28 U.S.C. § 1915(e)(2)(B) based on immunity.

Plaintiff also wishes to sue a detective of the Millville Police Department for falsifying documents related to a search warrant. (ECF No. 1 at 4.) "A complaint pursuant to § 1983 is 'characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.'" Woodyard v. County of Essex, 514 F. App'x 177, 184 (3d Cir. 2013) (per curiam) (quoting Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). "In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions." Id. (citing Dique, 603 F.3d at 185); see also N.J. Stat. Ann. § 2A:14-2(a). "[F]ederal law controls when a § 1983 claim accrues." Id. (citing Wallace v. Kato, 549 U.S. 384, 388 (2007). "Accrual occurs 'when the plaintiff has a complete and present cause of action.'" Id. (quoting Wallace, 549 U.S. at 388) (citations omitted) (internal quotation marks omitted)). "Accrual of Plaintiff's claim of false

4

arrest occurred when [he] indisputably [knew] about the faults of the search." Id. (citing Dique, 603 F.3d at 185–86). If Plaintiff knew of the alleged falsity in the search warrant more than two years before he filed the present action, on August 20, 2015, the claim will be barred by the statute of limitations, unless there is a basis to equitably toll the statute of limitations. See Dique, 603 F.3d at 185 ("[u]nder New Jersey law, a statute of limitations can be tolled based upon equitable principles").

The Court will direct the Clerk to send Plaintiff a blank civil rights complaint form. Plaintiff may wish to submit an amended complaint, as discussed above. If Plaintiff files an amended complaint, he should set forth when and how each defendant was personally involved in violating Plaintiff's civil rights, describing only the pertinent facts surrounding the claim.

IT IS, therefore, on this **22nd** day of **October 2015**,

**ORDERED** that the Clerk shall administratively terminate this matter, without filing the complaint, by making a new and separate entry reading, "CIVIL CASE TERMINATED." Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. See Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502

5

(3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs") (citations omitted); and no statement in this Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that, if within thirty days of the date of this Order, Plaintiff pays the $400 filing fee **or** submits a properly executed IFP application **and** submits an amended complaint to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, the Court will direct the Clerk of Court to reopen this matter; and it is further

**ORDERED** that the Clerk of Court shall serve this Memorandum and Order upon Plaintiff, together with a blank form "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case"(DNJ-ProSe-007-A.pdf); and a blank form "Prisoner Civil Rights Complaint"(DNJ-ProSe-006-ProSePrisCvRghtsCompFrm-STANDARD-(Rev.05-2013)).

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

6